UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| RONALD C. FAIRCHILD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:22-CV-051-CHB |
| | ) | |
| v. | ) | |
| | ) | **ORDER ADOPTING** |
| CRAIG HUGHES, | ) | **MAGISTRATE JUDGE'S** |
| | ) | **RECOMMENDED** |
| Respondent. | ) | **DISPOSITION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram, which recommends that Petitioner Ronald C. Fairchild's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [R. 1] be denied and that no certificate of appealability be issued. *See* [R. 27].

Magistrate Judge Ingram issued his Recommended Disposition after consideration of the full record, including Fairchild's Petition [R. 1], the Answer in Opposition to Petition for Writ of Habeas Corpus filed by Respondent Craig Hughes, Warden [R. 21],[1] and Fairchild's Reply [R. 26]. In the Recommended Disposition, Magistrate Judge Ingram detailed Fairchild's state procedural history and the grounds of error Fairchild now argues in his Petition. *See* [R. 27]. Ultimately, Magistrate Judge Ingram concluded that Fairchild has not satisfied the standards to obtain relief under the Antiterrorism and Effective Death Penalty Act. *See id.* at 26.

Magistrate Judge Ingram advised the parties that any objections were required to be filed within fourteen (14) days of the Recommendation's entry on September 5, 2023. *Id.* at 27. The

---

[1] As noted by Magistrate Judge Ingram, "[t]he Warden initially argued the petition was untimely, but ultimately conceded timeliness." [R. 27, p. 1] (citing [R. 12]; [R. 14]; [R. 15]; and [R. 17]); *see also* [R. 21, p. 3] ("Respondent is not arguing that Fairchild's petition is barred by the statute of limitations.").

time to file objections has passed, and neither party has filed any objections to the Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's recommendation to deny Fairchild's Petition Under 28 U.S.C. § 2254 and to deny a certificate of appealability under § 2253.

Specifically regarding a certificate of appealability, such may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483–484 (2000). A "substantial showing" means a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 484. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Relatedly, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* In this case, the Court agrees with Magistrate Judge Ingram's conclusion that reasonable jurists could not debate whether Fairchild's Petition should have been resolved differently. Therefore, the Court finds that Fairchild has not made a "substantial showing of the denial of a constitutional right" under § 2253(c)(2), and as a result, a certificate of appealability should not issue.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [**R. 27**] is **ADOPTED** as the opinion of this Court.

2. Fairchild's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [**R. 1**] is **DENIED**.

3. No certificate of appealability shall issue.

4. A separate Judgment shall follow.

This the 13th day of November, 2023.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY